UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

CHARLENE MAJOR,

    Plaintiff,
v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLENE MAJOR, sues Defendant, CARNIVAL CORPORATION, and alleges:

### I. PRELIMINARY ALLEGATIONS

1. This is an action is in excess of $75,000, exclusive of costs and attorney's fees.

2. Plaintiff CHARLENE MAJOR is a citizen of the state of California.

3. Defendant CARNIVAL CORPORATION is a Panamanian corporation.

4. This court has jurisdiction in this matter pursuant to 28 U.S.C. 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. 1332. In the event that the court rules that this case does not come under diversity of citizenship jurisdiction, then Plaintiff elects to proceed under the admiralty jurisdiction of the court.

5. At all times material hereto, Defendant was authorized to transact business and maintains an office in Miami-Dade County, Florida.

6. At all times material hereto, Defendant personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial and not isolated business activity within this state.

      c.      Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. The causes of action in this complaint arise under the general maritime law of the United States.

8. Venue is proper because Plaintiff's passenger ticket requires that suit be filed in federal court Miami-Dade County, Florida.

9. At all times relevant to this action, Defendant was engaged in the business of providing to the public, for compensation, vacation cruises aboard its vessel, Carnival Imagination.

10. At all times material to this action, the vessel Carnival Imagination was located in navigable waters.

11. At all times material to this action, Defendant owned, operated, managed, maintained and/or controlled the vessel Carnival Imagination and its agents and/or employees.

12. On or about May 20, 2017, Plaintiff was a paying passenger onboard a cruise on Defendant's vessel Carnival Imagination, which was in navigable waters. A copy of her ticket and/or an exemplar ticket is in Defendant's possession.

## II. COUNT I - NEGLIGENCE

13. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 12 as though alleged originally herein.

14. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

15. This case involves a hate crime that Defendant allowed to happen by overserving alcohol and failing to take reason steps to protect Plaintiff.

16. On or about May 20, 2017, Plaintiff was in the casino at the black jack table.

17. Tim (a Caucasian male passenger) and his daughter were at the same black jack table as Plaintiff (an African American women).

18. Tim and his daughter appeared extremely intoxicated. Tim was belligerent and making racist comments.

19. When there was an announcement for the "last call for alcohol", Tim ordered two more alcoholic drinks.

20. Plaintiff asked the casino employee (believed to be the pit boss) to not serve Tim anymore alcohol.

21. Plaintiff also asked for security and help as Tim was making her feel uncomfortable as his racist comments were directed at her.

22. Thereafter, Tim made even more offensive racist comments directed at Plaintiff including "black nigger bitch you need to go back to your country".

23. When Plaintiff responded to Tim's offensive comments, Tim's daughter stood up and physically assaulted Plaintiff.

24. Plaintiff feared for her safety and responded in self-defense.

25. Tim joined in and also physically assaulted Plaintiff, which included kicking/stomping on Plaintiff while she was on the ground.

26. As a result, Plaintiff suffered physical and emotional injuries. Plaintiff's injuries include a concussion, closed head injury, face contusions, left shoulder contusions, right thigh contusions, neck and back injuries, anxiety, and post-traumatic stress disorder.

27. Plaintiff sought medical attention from the ship's medical facility; however, was refused medical treatment because it was after hours and she did not sign the Payment Agreement to authorize Defendant to charge her credit card.

28. Defendant's security or other crew did not timely protect Plaintiff. By the time ship's security came, Plaintiff had already been physically assaulted and injured.

29. Defendant refused to provide Plaintiff with the Tim and his daughter's full names.

30. After the subject incident, Defendant failed to timely confine Tim to his cabin and allowed him freedom to continue to harass Plaintiff and others on the ship.

31. Upon information and belief, Tim assaulted at least one other person besides Plaintiff during the subject cruise.

32. Defendant created the dangerous condition by over serving Tim and his daughter alcohol.

33. Defendant knew or should have known Tim and his daughter were intoxicated.

34. Defendant knew or should have known Tim and his daughter were acting in an inappropriate manner towards Plaintiff.

35. Defendant failed to take reasonable steps to protect Plaintiff from the hate crime.

36. On or about May 20, 2017, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

37. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows: a. Failure to provide reasonably safe conditions for Plaintiff during her voyage aboard the Carnival Imagination; and/or b. Failure to prevent the assault and battery of Plaintiff; c. Overserved alcohol; and/or d. Failure to promulgate and/or enforce procedures to prevent the assault and battery of passengers and the over service of alcohol; and/or e. Failure to protect passengers, including Plaintiff, from assaults and/or batteries and over service of alcohol; and/or f. Failure to provide adequate security aboard the Carnival Imagination as to prevent assaults, batteries and injury to passengers, including Plaintiff; and/or g. Failure to provide adequate training/instruction for

crew members/employees to prevent assaults, batteries, and/or over service of alcohol; and/or h. Failure to provide adequate supervision for crew members/employees to prevent assaults, batteries, and/or over service of alcohol; and/or i. Failure to provide adequate security procedures aboard the vessel so as to ensure that passengers, including Plaintiff, are not harmed/injured; and/or j. Failure to timely respond to assist Plaintiff; and/or k. Failed to timely stop serving alcohol to Tim and/or his daughter; and/or l. Failure to prevent the assault and/or battery on Plaintiff; and/or m. Failure to have proper policies/procedures in place to prevent passenger assaults and/or batteries and/or over service of alcohol and/or n. Failed to have adequate security personnel aboard the ship so as to prevent passenger assault, battery and/or o. Violated security and/or alcohol policies and procedures; and/or p. Failure to have adequate security and/or alcohol policies and procedures; all of which caused Plaintiff to be injured.

38. At all material times, Defendant had exclusive custody and control of the above named vessel.

39. At all material times, Defendant created the foregoing dangerous condition.

40. At all times material hereto, Defendant negligently failed to determine the hazards on and near the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.

41. Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

42. Defendant created the condition that caused Plaintiff's injuries.

43. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's

body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical injuries, lost wages and her working ability has been impaired.   The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost her sunglasses, diamond necklace, casino chips and lost the benefit of Plaintiff's vacation and cruise.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

MEISTER LAW, LLC
44 West Flagler Street, Suite 750
Miami, Florida 33130
Office: (305) 590-5570
Facsimile: (305) 675-3787
TonyaJMeister@aol.com

By: s/ Tonya J. Meister
TONYA J. MEISTER
FLORIDA BAR NO.: 0629243