UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-21914-CIV-SCOLA

CHARLENE MAJOR,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE, TESTIMONY & ARGUMENT REGARDING FAULT OF NON-PARTIES**

Plaintiff, by and through her undersigned counsel, hereby moves in limine with regard to any reference, argument, questioning or making comments about any alleged liability of any non-party and in support thereof state as follows:

1. **No Fabre in Maritime:** The Eleventh Circuit has ruled that under the General Maritime Law defendants cannot blame non-parties. In *Sands v. Kawasaki Motors Corp. USA*, 513 Fed. Appx. 847, 2013 WL 1149601 (11th Cir. 2013), the Eleventh Circuit was faced with an argument by the defendant manufacturer of a jet ski that the operator of the jet ski, who was not a party, should have been included on the verdict form. The Court affirmed the trial court which refused to put the non-party on the verdict form, and said:

> The general rule in maritime law is that a plaintiff may sue any defendant "for the **\*855** full amount of damages for an indivisible injury that the [defendant's] negligence was a substantial factor in causing, even if the concurrent negligence of others contributed to the incident." *Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 260, 99 S.Ct. 2753, 2756, 61 L.Ed.2d 521 (1979). Under that rule, [the plaintiff] was permitted to sue Kawasaki for the full amount of her damages, even though [the operator of the jet ski, who was not a party]'s negligence might have contributed to her injuries.

1

> Kawasaki relies on *McDermott, Inc. v. AmClyde,* 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994) to argue that [the non party operator] name nonetheless should have been included on the verdict form. *McDermott* "settled decades of debate over the proper method of apportioning liability between settling and nonsettling tortfeasors in admiralty cases by holding that the proportionate share approach applies." *Murphy v. Fla. Keys Elec. Co–op.,* 329 F.3d 1311, 1314 (11th Cir.2003) (quotation marks omitted). Under that approach, if at least one defendant does not settle with the plaintiff, the amount of damages and percentage of liability attributable to each defendant is determined at trial. *McDermott,* 511 U.S. at 208–13, 114 S.Ct. at 1465–67. However, the Supreme Court made clear in *McDermott* that the proportionate share approach applies only when there has been a settlement, and that *McDermott* did not abrogate the "well-established principle of joint and several liability" as stated in *Edmonds*. *McDermott,* 511 U.S. at 220–21, 114 S.Ct. at 1471. Accordingly, the general rule of *Edmonds* applies in this case, [the Plaintiff] was permitted to sue Kawasaki for the full amount of her damages, and the court did not err in refusing to include [the non party operator of the jet ski] on the verdict form, even though she might have contributed to [the Plaintiff's] injuries.

*Sands v. Kawasaki Motors Corp. USA*, 513 Fed. Appx. 847, 854-5.

2. This case is governed by the General Maritime Law. Plaintiff has pleaded application of the General Maritime Law [Complaint DE 1, ¶7], and Defendant has admitted the that General Maritime Law applies in its Answer [DE 8, Fourth Affirmative Defense].

3. General Maritime Law provides for joint and several liability. In this case, joint and several liability would be abrogated by the application of the *Fabre* rule, which allows a defendant to blame a non-party under Florida state law. An illustrative case of the principle that *Fabre* does not apply in maritime matters is *Groff v. Chandris, Inc.*, 835 F. Supp. 1408 (S.D. Fla. 1993). In *Groff*, a cruise passenger was injured when she fell from 15-inch drop on dock during a stop in the Cayman Islands. She brought suit against Chandris, Inc. and Ajax Navigation Corporation, alleging that they had a duty to warn her of the dangerous condition of the dock. Those defendants requested a verdict form which would have asked the jury to apportion amount of damages to a non-party, the Grand Cayman Port Authority. Judge K. Michael Moore held that, under federal

maritime law, defendants were not permitted to have jury determine percentage of liability or fault of a non-party. *Groff*, 835 F.Supp. at 1409-1410; *see also Edmonds v. Compagne Generale Transatlinquitue*, 443 U.S. 256, 260 & n. 7, *rehearing denied*, 444 U.S. 889 (1979); *The Atlas*, 93 U.S. 302 (1876); *Ebanks v. Great Lakes Drecth & Dot Co.,* 688 S. 2nd 716 (11th Cir. 1982), *cert denied*, 460 U.S. 1083 (1983).

4. The court in *Groff* went on to discuss the Florida Supreme Court decision in *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), and Fla. Stat. § 768.81(3), and cited to *Branch v. Schumann*, 445 F.2d 175, 178 (5th Cir. 1971), for the proposition that the former Fifth Circuit refused to permit application of a Florida Statute when such a law conflicted with General Maritime Law.

5. Additionally, negligent security cases in Florida fall within the holding of *Merrill Crossings Associates v. McDonald*, 705 So. 2d 560, 563 (Fla. 1997), in which the Florida Supreme Court announced: "Because we hold that section 768.81 is not applicable to the instant case, it was not error to exclude the intentional tortfeasor from the verdict form."

6. In this case, therefore, Defendant should not be allowed to present evidence, elicit testimony, or make argument about any alleged liability of non-parties to this action, including, but not limited to, Timothy Stordahl and Elaine Barrera.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order precluding Defendants from presenting evidence, eliciting testimony, or making arguments about any alleged liability of non-parties to this action, including, but not limited to, Timothy Stordahl and Elaine Barrera.

CASE NO.: 18-21914-CIV-SCOLA

## Certificate of Counsel

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movants has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this motion, but counsel for Defendant has not agreed to the relief sought herein.

    Respectfully submitted,

    DIMOND KAPLAN & ROTHSTEIN, P.A.
    *Plaintiff's Co-Counsel*
    Offices at Grand Bay Plaza
    2665 South Bayshore Drive, PH-2B
    Miami, Florida  33133
    Telephone:	(305) 374-1920
    Facsimile:	(305) 374-1961
    E-Mail:	cdrury@dkrpa.com

    By:	  s/ Christopher M. Drury
        Christopher M. Drury
        Fla. Bar No. 796751

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    s/ Christopher M. Drury
    CHRISTOPHER M. DRURY

CASE NO.: 18-21914-CIV-SCOLA

## SERVICE LIST

*MAJOR v. CARNIVAL CORP.*

CASE NO. 18-21914-CIV-SCOLA

| Tonya J. Meister, Esq.<br>Fla. Bar No. 0629243<br>Courthouse Tower – Suite 750<br>44 W. Flagler Street<br>Miami, Florida 33130<br>Telephone: (305) 590-5570<br>*Attorney for Plaintiff* | Curtis J. Mase, Esq.<br>cmase@maselaw.com<br>Victor J. Pelaez, Esq.<br>vpelaez@maselaw.com<br>MASE MEBANE & BRIGGS, P.A.<br>2601 South Bayshore Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0080<br>*Attorneys for Defendant* |