UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-21914-CIV-SCOLA

CHARLENE MAJOR,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

**PLAINTIFF'S MOTION IN LIMINE**
**REGARDING EVIDENCE OF COLLATERAL SOURCES**

    Plaintiff, by and through her undersigned counsel, hereby files this motion in limine to

exclude any reference at trial by counsel or witnesses to collateral source benefits paid or to be

paid to Plaintiff.  In support of this motion, Plaintiff states, as follows:

    1.  The collateral source rule is intended to ensure that a benefit that is directed to an

injured party from a third party is not shifted so as to become a windfall for the tortfeasor since it

is the tortfeasor's responsibility to compensate for all harm that he causes. *See, e.g.*, Restatement

(Second) of Torts § 920A(2). The collateral source rule is a substantive rule of law that bars a

tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery

the plaintiff receives from other sources of compensation that are independent of (or collateral to)

the tortfeasor. *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994).   The collateral source

rule applies in maritime cases. *See, e.g., Jones v. Carnival*, Case No. 04-20407-CIV-JORDAN

(S.D. Fla. January 24, 2006); *Trico Marine Assets Inc. v. Diamond B Marine Services Inc.,* 332

F.3d 779, 2003 A.M.C. 1355 (5th Cir. 2003); *Chisholm v. UHP Projects, Inc.*, 205 F.3d 731, 741

(4th Cir. 2000); *Lohman v. M/V Korean Pioneer*, 77 F.3d 489 (9th Cir. 1996); *Thyssen, Inc. v. S/S*

*Eurounity*, 21 F.3d 533, 1994 A.M.C. 1638 (2d Cir. 1994); *Phillips v. Western Co. of North America,* 953 F.2d 923, 1993 A.M.C. 1815 (5th Cir. 1992)*; Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 n. 2 (5th Cir.1980); *Haughton v. Blackships, Inc.*, 462 F.2d 788, 1972 A.M.C. 1923 (5th Cir.1972); *Stanley v. Bertram-Trojan, Inc.*, 868 F. Supp. 541 (S.D.N.Y. 1994).

> The collateral source doctrine generally precludes benefits received from third-parties from being considered in determining the amount of damages. *See Turnbull v. USAir, Inc*., 133 F.3d 184, 186 (2d Cir.1998). It is fully applicable in admiralty cases such as this. *See A/H Battery Associates v. Gulf Craft, Inc.,* No. 93 CIV 1915, 1998 WL 252105, at *1 (S.D.N.Y. May 18, 1998); *Stanley v. Bertram-Trojan, Inc*., 868 F.Supp. 541, 543 (S.D.N.Y.1994). Furthermore, both pension and social security benefits are considered collateral source payments. *See Clausen v. Sea-3, Inc*., 21 F.3d 1181, 1192-93 (1st Cir.1994)(disability benefits and social security); *In re Adventure Bound Sports, Inc*., 858 F.Supp. 1192, 1208-09 (S.D.Ga.1994) (social security); *Olsen v. City of New York*, No. 83 CIV. 0462, 1984 WL 1033, at * 2 (S.D.N.Y. Oct. 18, 1984)(pension).

*Silivanch v. Celebrity Cruises, Inc*., 171 F. Supp. 2d 241, 265-266 (S.D.N.Y. 2001).

2.   As indicated in *Silivanch*, a passenger case, disability benefits fall within the collateral source rule in maritime cases. *See, e.g., Clausen v. Sea-3, Inc*., 21 F.3d 1181, 1192-93 (1st Cir.1994)*; Elms v. Crowley Marine Service, Inc*., 1997 A.M.C. 835 (W.D. Wash. 1996). "The collateral source rule is fully applicable in admiralty so that personal injury damages are not reduced by disability, unemployment, social security, or insurance benefits that may be due and owing to the victim."  T. Schoenbaum, 1ADMIRALTY & MAR. LAW §5-15 (4th ed.), citing as examples *Thomas v. Humble Oil & Refining Co.*, 420 F.2d 793, 1970 AMC 25 (4th Cir. 1970); *Gypsum Carrier, Inc. v. Handelsman*, 307 F.2d 525, 1963 AMC 175 (9th Cir. 1962); *Complaint of Farrell Lines, Inc*., 389 F.Supp. 194, 1976 AMC 1684 (S.D. Ga. 1975).

3.   The Fifth Circuit in *Trico Marine* said: "The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent

of (or collateral to) the tortfeasor." *Trico Marine Assets Inc. v. Diamond B Marine Services Inc.*, 332 F.3d at 794.

4.   "This substantive rule "carries with it an evidentiary rule requiring the exclusion of evidence of any collateral benefits."" *See* Judge Jordan's <u>Order on Motion *In Limine* to Exclude Evidence of Contractual Discount</u> in *Jones v. Carnival Corporation*, Case No. 04-20407-CIV-JORDAN (S.D. Fla. January 24, 2006).  (A copy of this Order is attached hereto as an exhibit.)

5.   In *Jones*, the plaintiff's past medical expenses amounted to $96,835.15.  The insurer paid $58,780.97 and discounted $37,054.18.  The defendant cruiseline sought to exclude reference to contractual discount of medical bills in the amount of $37,054.18, thereby reducing tortfeasor's liability for past medical expenses.  Judge Jordan held that the contractual discount is a collateral source payment, and that "the substantive collateral source rule expressly prohibits me from excluding evidence of the $37,054.18 discount."  Similarly, in this case such evidence should not be admitted, and counsel should be precluded from eliciting testimony or referring to payments made to Plaintiff (or to be paid to or on behalf of Plaintiff) by any collateral source, in an attempt to reduce Plaintiffs' recovery.

6.   Citing to *Phillips* (supra.), the Court in *Jones* excluded the contractual discount on the basis that "[t]he substantive collateral source rule, however, "denies to a tortfeasor a reduction in liability by any amounts the Plaintiff receives" from a collateral source."

6.   In *Phillips*, the defense sought to introduce evidence of "disability and other payments".  Evidence of those payments was excluded.  In the admiralty case of *Stanley v. Bertram-Trojan, Inc.*, 868 F.Supp. 541, 542 (S.D.N.Y. 1994), the Court excluded collateral sources, such as insurance for medical and other expenses.  In the admiralty case of *Clausen v. Sea-3, Inc.*, 21 F. 3d 1181, 1192-3 (1st Cir. 1994), the First Circuit Court of Appeals excluded

CASE NO.: 18-21914-CIV-SCOLA

disability benefits and social security.  In interpreting admiralty law in the case of *In re Adventure Bound Sports, Inc.*, 858 F. Supp. 1192, 1208-9 (S.D. Ga. 1994), the Southern District of Georgia excluded evidence of social security benefits.  In *Olsen v. City of New York*, 1984 WL 1033 at \*2 (S.D. N.Y. Oct. 18, 1984), the Southern District of New York excluded evidence of a disability retirement pension.

WHEREFORE, Plaintiff moves in limine to exclude any evidence of or reference to collateral source payments and for such other or further relief the Court deems just and appropriate.

### Certificate of Counsel

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movants has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this motion, but counsel for Defendant has not agreed to the relief sought herein.

Respectfully submitted,

DIMOND KAPLAN & ROTHSTEIN, P.A.
*Plaintiff's Co-Counsel*
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida  33133
Telephone:    (305) 374-1920
Facsimile:    (305) 374-1961
E-Mail:       cdrury@dkrpa.com

By:    s/ Christopher M. Drury
       Christopher M. Drury
       Fla. Bar No. 796751

CASE NO.: 18-21914-CIV-SCOLA

### CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Christopher M. Drury
CHRISTOPHER M. DRURY

### SERVICE LIST

*MAJOR v. CARNIVAL CORP.*

CASE NO. 18-21914-CIV-SCOLA

| | |
|---|---|
| Tonya J. Meister, Esq.<br>Fla. Bar No. 0629243<br>Courthouse Tower – Suite 750<br>44 W. Flagler Street<br>Miami, Florida 33130<br>Telephone: (305) 590-5570<br>*Attorney for Plaintiff* | Curtis J. Mase, Esq.<br>cmase@maselaw.com<br>Victor J. Pelaez, Esq.<br>vpelaez@maselaw.com<br>MASE MEBANE & BRIGGS, P.A.<br>2601 South Bayshore Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0080<br>*Attorneys for Defendant* |