UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-21914-CIV-SCOLA

CHARLENE MAJOR,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE, TESTIMONY & ARGUMENT REGARDING
EXPERTS' EXPERIENCE WITH PLAINTIFF'S COUNSEL BEYOND 4 YEARS**

Plaintiff, by and through her undersigned counsel, hereby moves in limine with regard to any reference, argument, questioning or making comments about Plaintiff's experts' experience with Plaintiff's counsel beyond 4 years, and in support thereof state as follows:

1. During the depositions of Plaintiff's experts, Defendant's counsel made boundless inquiries regarding Plaintiff's experts' experience consulting and testifying for clients of Plaintiff's counsel.

2. Fed. R. Civ. P. 26(a)(2)(B)(v) limits disclosure of an expert's litigation history to a period of 4 years: "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition".

3. Defendant and its counsel should be prevented from introducing evidence of the experience of Plaintiff's experts in testifying for Plaintiff's counsel and their law firms beyond a period of 4 years. Any evidence of Plaintiff's experts' experience consulting for Plaintiff's counsel in other cases is clearly irrelevant and outside the scope of expert discovery under Fed. R. Civ. P. 26. Any evidence of Plaintiff's experts' experience testifying for Plaintiff's counsel in other cases

1

CASE NO.: 18-21914-CIV-SCOLA

beyond 4 years is likewise clearly irrelevant and outside the scope of expert discovery under Fed. R. Civ. P. 26.  Any evidence, reference or argument about Plaintiff's experts' experience with Plaintiff's counsel beyond 4 years is also substantially more prejudicial than probative, so that it should be precluded under FRE 403.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order precluding Defendant from presenting evidence, eliciting testimony, or making arguments about Plaintiff's experts' experience with Plaintiff's counsel beyond 4 years.

## Certificate of Counsel

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movants has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this motion, but counsel for Defendant has not agreed to the relief sought herein.

Respectfully submitted,

DIMOND KAPLAN & ROTHSTEIN, P.A.
*Plaintiff's Co-Counsel*
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida  33133
Telephone:   (305) 374-1920
Facsimile:    (305) 374-1961
E-Mail:        cdrury@dkrpa.com

By:  s/ Christopher M. Drury
        Christopher M. Drury
        Fla. Bar No. 796751

CASE NO.: 18-21914-CIV-SCOLA

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Christopher M. Drury
CHRISTOPHER M. DRURY

## SERVICE LIST

*MAJOR v. CARNIVAL CORP.*

CASE NO. 18-21914-CIV-SCOLA

| Tonya J. Meister, Esq.<br>Fla. Bar No. 0629243<br>Courthouse Tower – Suite 750<br>44 W. Flagler Street<br>Miami, Florida 33130<br>Telephone: (305) 590-5570<br>*Attorney for Plaintiff* | Curtis J. Mase, Esq.<br>cmase@maselaw.com<br>Victor J. Pelaez, Esq.<br>vpelaez@maselaw.com<br>MASE MEBANE & BRIGGS, P.A.<br>2601 South Bayshore Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0080<br>*Attorneys for Defendant* |
|---|---|