UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-21914-CIV-SCOLA/TORRES

CHARLENE MAJOR,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## DEFENDANT'S OMNIBUS MOTIONS *IN LIMINE*

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE ("Carnival"), submits its motions *in limine* and states:

**1. This Court should exclude evidence of prior incidents that are not substantially similar.**

Plaintiff was involved in a physical altercation with another female passenger inside the casino on the Carnival *Imagination*. She filed this lawsuit against Carnival seeking damages for alleged injuries sustained during the fight. She claims that Carnival was negligent by failing to provide adequate security and by over-serving alcohol to other guests.

In discovery, Carnival disclosed 13 prior incidents involving physical ***and verbal*** altercations in casinos on eight vessels within the same class over the three-year period preceding the subject incident. Five of the incidents disclosed were arguments where there was no physical altercation. Another two of these incidents were domestic disputes involving married couples. There were no prior incidents for the subject vessel, *Imagination*.

Evidence of prior accidents or incidents is highly prejudicial. *See Miller ex rel. Miller v. Ford Motor Co.*, 2004 WL 4054843 *1 (M.D. Fla. July 22, 2004). The Eleventh Circuit has

recognized the potentially prejudicial impact that alleged prior incidents can have on juries and has thus found that, to be admissible, prior incidents (1) must have occurred under substantially similar conditions and (2) must have occurred at a time that is not too remote from the incident in question. *Id.*; *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-662 (11th Cir. 1988); *Weeks v. Remington Arms Co., Inc.*, 733 F.2d 1485, 1491 (11th Cir. 1984); *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985); *Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 649 (11th Cir. 1990); *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Substantial similarity means that the accidents must have occurred under similar circumstances or share the same cause." *Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 518 (6th Cir. 2008); *see also Hessen*, 915 F.2d at 649. The party intending to offer evidence of prior incidents bears the burden of showing the substantial similarity between prior incidents and the incident at issue. *See Croskey*, 532 F.3d at 518 (citing *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1109 (8th Cir. 1988)). A prior incident is only substantially similar where it is the result of the same underlying cause or risk-creating condition. *See Sorrels v. NCL (Bahamas) Ltd.*, 2013 WL 6271522 (S.D. Fla. Dec. 4, 2013). *aff'd in part rev'd in part* 796 F.3d 1275, 1287 (11th Cir. 2015). The burden is on the plaintiff to demonstrate that "conditions substantially similar to the occurrence in question must have caused the prior accident . . . [and] the prior accident must not have occurred too remote in time." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988) (internal citations omitted). Prior incidents are only admissible once the plaintiff has proven they are substantially similar to the instant case. *Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641, 649-50 (11th Cir. 1990).

The probative value of the five prior incidents disclosed involving **verbal** arguments only with no physical altercation would be substantially outweighed by the dangers of unfair

prejudice and they should thus be excluded entirely because they are not substantially similar. Fed. R. Evid. 403. Here, Plaintiff claims that she was *physically* assaulted. Further, the two domestic dispute incidents disclosed should be excluded for the same reasons; a dispute between a husband and wife—even if it escalates into a physical altercation—is far different than a physical altercation between random passengers over a game of blackjack.

Plaintiff cannot meet her burden of establishing substantial similarity between these seven prior incidents and her alleged *physical* assault, and evidence of same should be excluded. In this Circuit, the doctrine of substantial similarity "applies when one party seeks to admit prior accidents or occurrences involving the opposing party, in order to show, for example, notice, magnitude of danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1316 (11th Cir. 2005) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988)). In addition, "this doctrine applies to protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." *Tran*, 420 F.3d at 1316. Because Plaintiff cannot meet her burden of establishing substantial similarity, the Court should exclude any reference or testimony as to the seven prior incidents disclosed involving purely *verbal* arguments and domestic disputes.

    **2.    Plaintiff should be precluded from introducing the full amount of medical bills rather than the amount actually paid.**

Carnival anticipates Plaintiff will attempt to introduce evidence of the full amount of medical bills charged by her providers instead of what was actually paid by any collateral sources. Carnival maintains that Plaintiff should only be allowed to request damages relating to

the actual amount of her medical bills paid and accepted and respectfully submits that it is improper to allow Plaintiff to recover an amount over what was actually paid by her providers.

Plaintiff should be precluded from (1) collecting damages for medical expenses "written off" by her providers, and, therefore, from (2) presenting as evidence of her damages those medical charges that were "written off" by her providers and never paid by anyone. *See Frauenthal v. Oceania Cruises, Inc.,* No. 15-21517-CIV, 2016 WL 2962897 (S.D. Fla. May 19, 2016) (denying the plaintiff's motion in limine to exclude evidence of collateral source); *Tercero v. Carnival Corporation,* Case 1:15-cv-21583-JLK (January 7, 2016) (Order Granting Motion To Exclude Evidence Of Medical Charges Written-off by Healthcare Providers); *Berna Kellner v. NCL (Bahamas), Ltd.*, Case No. 15-23002-CIV-ALTONAGA/O'Sullivan (ECF No. 59) (holding that "Plaintiff may only introduce medical bills regarding amounts actually paid"); *Szczurko v. Celebrity Cruises, Inc.*, Case No. 1:15-CV-20952-UU (Dec. 30, 2015) (Order Granting Motion to Preclude Plaintiff from Introducing Evidence of, or Claiming as Damages, Medical Charges "Written Off" by her Providers); *Nappi v. Carnival Corp.*, Case No. 1:13-CV-21659-JLK (Oct. 22, 2014) (ECF No. 51) (Order Granting Motion to Exclude Evidence of Medical Charges Written Off by Healthcare Providers); *see also Smith v. Royal Caribbean Cruises, Ltd.*, No. 13-20697-CIV, 2014 WL 5312534, at *3 (S.D. Fla. Oct. 10, 2014) (granting the defendant cruise line's *motion in limine* seeking to limit the introduction of medical expenses, as evidence of damages, to the amount the plaintiff actually paid and excluding any reference to any other amounts billed or paid by collateral sources).

Following the incident, Plaintiff sought medical care and treatment, attended some therapy, and maintained health insurance throughout. Under the prevailing authority, Plaintiff is precluded from introducing evidence of (or claiming as damages) medical charges adjusted or

"written off" by certain medical providers for services connected with her claimed injuries. While Carnival disputes Plaintiff's negligence claim, it does not dispute that, as the alleged tortfeasor, it may be obligated to compensate Plaintiff for sums paid by her or paid by collateral sources should it be found liable. Carnival, however, would not be obligated to compensate Plaintiff for amounts not actually owed or paid—by neither Plaintiff nor her collateral sources— that is, those amounts that were "written off." Amounts "written off" are those portions of the original bill never paid, and for which no future obligation to pay exists, because the medical provider accepted an amount lesser than the amount originally billed as payment in full for the medical services. Plaintiff is not entitled to present evidence of or recover damages for these "written off" charges. Instead, only the damages *actually incurred*—whether by Plaintiff or a collateral source—should be presented as evidence of recoverable damages.

### 3. This Court should preclude any reference to the alleged assailants' criminal backgrounds.

Carnival believes that Plaintiff may offer evidence or testimony regarding the criminal backgrounds and/or any crimes alleged to have been committed by the two passengers that Plaintiff claims assaulted her to show that on the date of the alleged incident these passengers were acting in accordance with their character. However, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). *See also Boyd v. Alabama Dept. of Corr.*, 296 Fed. Appx. 907, 909 (11th Cir. 2008) ("[E]vidence of other crimes or bad acts is not admissible to prove the character of a person").

Further, Plaintiff would likely attempt to offer this evidence to show that Carnival should have been on notice of the alleged assailants' propensity for crime or violence and taken actions to prevent them from committing crimes onboard, such as the assault alleged here. This would be

highly prejudicial and would be confusing and misleading. Carnival is not required by any state or federal law, including the CVSSA, to conduct criminal background searches on passengers before admitting them on its ships. Therefore, any testimony regarding the criminal backgrounds and/or any crimes alleged to have been committed by the two passengers that Plaintiff claims assaulted her should be excluded under Federal Rule of Evidence 403.

### 4. This Court should preclude any reference or evidence regarding any subsequent incidents involving alleged assailant Timothy Stordahl.

The night after Plaintiff's altercation with Stordahl's daughter, Stordahl was involved in a verbal altercation with other passengers inside the casino and was banned from the casino for the remainder of the cruise. At the end of the subject cruise, he was issued a letter advising him that he was being banned from cruising with Carnival in the future. However, due to a clerical/typographical error in the booking system, Stordahl was able to travel on another cruise a few months after the subject incident. On that subsequent cruise, Stordahl was involved in a physical altercation with a male passenger. Carnival produced video of that subsequent altercation during discovery in this matter. Carnival believes that Plaintiff may offer evidence or testimony regarding these subsequent incidents involving passenger Timothy Stordahl (one of the alleged assailants) to show that on the date of the alleged incident he was acting in accordance with his character.

But as stated above, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). *See also Boyd v. Alabama Dept. of Corr.*, 296 Fed. Appx. 907, 909 (11th Cir. 2008) ("[E]vidence of other crimes or bad acts is not admissible to prove the character of a person"). Rule 404(b) is subject to Rule 403, which provides that, "Although relevant, evidence may be excluded if its probative value is substantially outweighed

6

by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." *United States v. Catano*, 553 F.2d 497, 500 (5th Cir. 1977).

Carnival disputes Plaintiff's allegation that Stordahl *physically* assaulted her. Numerous eyewitnesses, including independent witness Tobias Tucker, have confirmed that Stordahl did not *physically* assault Plaintiff. Plaintiff would likely attempt to offer the evidence that Stordahl was involved in subsequent incidents, including a subsequent *physical* altercation, to show that he *physically* assaulted her during the subject incident. Besides being impermissible under Rule 404, this would be unfairly prejudicial, would confuse the issues, and would mislead the jury. Therefore, any testimony or evidence regarding any subsequent incidents involving Stordahl should be excluded under Federal Rule of Evidence 403 and 404.

### S.D. Fla. L.R. 7.1 Certification

I certify that I have conferred with all parties or non-parties who may be affected by the relief sought in this motion, in a good-faith effort to resolve the issues raised in this motion, but have been unable to do so.

        Respectfully submitted,

        MASE MEBANE & BRIGGS, P.A.
        *Attorneys for Carnival*
        2601 South Bayshore Drive, Suite 800
        Miami, Florida  33133
        Telephone:  (305) 377-3770
        Facsimile:   (305) 377-0080

        By:     */s/ Victor J. Pelaez*
            CURTIS J. MASE
            Florida Bar No. 478083
            cmase@maselaw.com
            VICTOR J. PELAEZ
            Florida Bar No. 78359
            vpelaez@maselaw.com

## **CERTIFICATE OF SERVICE**

I certify that on May 21, 2019, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Victor J. Pelaez*
VICTOR J. PELAEZ

## **SERVICE LIST**

**Tonya J. Meister, Esq.**
tonyajmeister@aol.com
MEISTER LAW, LLC
44 West Flagler Street, Suite 750
Miami, Florida 33130
Telephone: (305) 590-5570
Facsimile: (305) 675-3787
*Attorney for Plaintiff*

**Christopher M. Drury, Esq.**
cdrury@dkrpa.com
DIMOND KAPLAN & ROTHSTEIN, P.A.
Offices at Grand Ba Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone: (305) 374-1920
Facsimile: (305) 374-1961
*Co-counsel for Plaintiff*

19423//851