United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Charlene Major, Plaintiff, | ) |
| v. | ) ) ) Civil Action No. 18-21914-Civ-Scola |
| Carnival Corporation, Defendant. | ) |

## Omnibus Order on Motions In Limine

On July 1, 2019, the Court held a hearing on the parties' motions in limine. (ECF Nos. 42, 47.) For the reasons stated in open court and further described below, the Defendant's motion (**ECF No. 40**) is **granted in part and denied in part**, and the Plaintiff's motion is (**ECF No. 42**) is **granted in part and denied in part**.

## The Defendant's Motion In Limine (ECF No. 40)

- Prior incidents (*id.* at 1–3): The Court grants the Defendant's motion to exclude the two prior incidents referenced involving domestic disputes between married couples. The Court denies, however, the Defendant's motion to exclude the five other prior incidents: the Plaintiff may introduce evidence relating to these five incidents.

- Full amount of medical bills versus the amount actually paid (*id.* at 3–5): The Court grants the Defendant's motion preclude the Plaintiff from introducing the full amount of her medical bills rather than the amounts actually required to be paid.

- Assailants' criminal backgrounds (*id.* at 5–6): The Court grants the Defendant's motion to preclude any reference to alleged assailant Elaine Barrera's criminal background, if any. The Court reserves ruling, however, with respect to alleged assailant Timothy Stordahl's criminal background.

- Subsequent incidents involving Stordahl (*id.* at 6–7): According to the Defendant, Stordahl was involved in at least two other cruise-ship altercations. One involved a verbal altercation that occurred the night after the incident the Plaintiff complains about in this case; the other took place months later, on another Carnival cruise. The Court grants the Defendant's request to exclude evidence regarding the incident that occurred months later; but denies it with respect to the incident that occurred the following night.

## The Plaintiff's Motion In Limine (ECF No. 42)

- The Plaintiff's driving record and history with alcohol, including DUI arrests (*id.* at 1–2): The Court grants the Plaintiff's motion to exclude any reference

to the Plaintiff's two DUI arrests and any alcohol treatment she received more than a decade ago. The Court denies her motion, however, with respect to evidence of the Plaintiff's struggles with alcohol in the months leading up to her cruise.

- Possible but unconfirmed medical diagnoses (*id.* at 2–3): The Plaintiff's request to exclude any medical-record evidence regarding her possible marijuana use is granted by agreement. The Court otherwise denies, however, the Plaintiff's motion to preclude the introduction of other evidence of possible diagnoses in the Plaintiff's own medical records.

- The Plaintiff's marijuana use generally (*id.* at 3–4): The Plaintiff's motion to exclude evidence regarding the Plaintiff's marijuana use is granted by the agreement of the parties.

- Plaintiff counsel's relationships with experts extending beyond four years (*id.* at 4–5): The Court denies the Plaintiff's motion to exclude evidence regarding counsel's relationships with various experts beyond four years.

- Collateral-source payments (*id.* at 5–8): The Court denies the Plaintiff's motion to preclude any reference to collateral-source payments as explained on the record and for the reasons set forth regarding the Court's ruling on the Defendant's motion to preclude evidence regarding medical bills the Plaintiff is not actually required to pay.

- "Empty-chair" arguments and *Fabre* defendants (*id.* at 8–11): The Court grants the Plaintiff's motion with respect to *Fabre* defendants—no *Fabre* defendants will be listed on the verdict form. The Court also precludes the Defendant from arguing that, although it may be partially to blame for the Plaintiff's injuries, Stordahl and Barrera should also be apportioned some percentage of the fault. On the other hand, the Court denies the Plaintiff's motion to the extent the Defendant is permitted to argue that it is not liable at all for any of the Plaintiff's injuries and that Stordahl or Barrera are solely responsible for her damages.

The Court orders counsel to fully communicate the Court's evidentiary rulings to all witnesses to avoid any inadvertent violation of the Court's order.

**Done and ordered**, in chambers, at Miami, Florida, on July 3, 2019.

Robert N. Scola, Jr.
United States District Judge